**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD D. MIZE, individually, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LIBERTY MUTUAL INSURANCE )<br>COMPANY, and UNITED PARCEL )<br>SERVICE, INC., )<br>)<br>Defendants. ) | Case No. CIV-04-1705-M |

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss, Motion for Summary Judgment, or In the Alternative Bifurcate Liberty Mutual Insurance Company. The issues raised have been fully briefed and the matter is now ripe for determination.[1] For the reasons that follow, Defendants' Motion will be denied.

I.     Background

This negligence action arises out of a traffic accident that occurred in Oklahoma County, Oklahoma. Plaintiff Richard Mize ("Mize") alleges that on May 30, 2003, William Sorrels, an employee of Defendant United Parcel Service, Inc. ("UPS"), negligently operated his "1996 Grumman truck" while acting within the course and scope of his employment with UPS, thereby causing a collision with Mize's pickup truck. Mize alleges that he incurred significant property damage to his truck, and that he suffered physical and emotional injuries to his person. He instituted

---

[1] For purposes of this order, the Court applies federal procedural law and the substantive law of the State of Oklahoma. *Boyd Rosene and Assocs. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

this action against UPS and Defendant Liberty Mutual Insurance Company ("LMIC"), UPS's licensed insurer, to recover compensatory and punitive damages for his losses.

Defendants move the Court to dismiss LMIC from this action or to grant summary judgment in its favor; in the alternative, Defendants move the Court to permit the case to proceed to trial against UPS only, and to prohibit any reference to LMIC or the fact that UPS is insured, with LMIC waiving its right to a jury trial and agreeing to be "bound by the determination of the jury in the trial of the plaintiff's claims against UPS as though it had participated reserving, however, its appeal rights as though it had been a participant in the trial." Mot. to Dismiss at 2. Defendants advance two grounds in support of their motion to dismiss or for summary judgment. First, they argue that Mize fails (in his Amended Complaint) to allege facts sufficient to establish LMIC's liability for negligence. Second, they argue that LMIC is not a property party to this action under Oklahoma statutory law. Defendants request a bifurcated trial on the ground that UPS will be prejudiced if the jury is made aware that the company has liability insurance.

II.  Legal Standards for Motions to Dismiss and Motions for Summary Judgment

Motions to dismiss a complaint for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing such motions, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (quoting *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984)). Further, the court must "view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed." *Id.* The question confronting the court when deciding a Rule 12(b)(6) motion is not

whether the plaintiff should prevail, "but whether the plaintiff is entitled to offer evidence to support her claims." *Id.*

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

III.  Discussion

    A.  Sufficiency of Factual Allegations

The Court first determines whether Mize has alleged facts sufficient to state a claim against LMIC. In his Amended Complaint, Mize alleges that

> Liberty Mutual is an insurance company organized and created under the laws of Massachusetts and authorized to conduct business within the State of Oklahoma. Liberty Mutual is the licensed insurance carrier for UPS. UPS is an "Authorized for Hire" "Interstate" motor carrier bearing USDOT Nos. 21800 and 24796. Pursuant to 47 O.S. §230.30, Liberty Mutual is a proper party Defendant in this matter.

Am. Compl. at ¶ 2. The statute cited in Mize's Amended Complaint is part of the Oklahoma Motor Carrier Act of 1995, Okla. Stat. tit. 47, § 230.21 *et seq.*, and provides in relevant part:

> No license shall be issued by the Commission to any carrier until after the carrier shall have filed with the Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier authorized pursuant to this section and which has complied with all of the requirements of the Commission, which bond or policy shall be approved by the Commission, and shall be in a sum and amount as fixed by a proper order of the Commission; *and the liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any carrier for which the carrier is legally liable*. A copy of the policy or bond shall be filed with the Commission, and, *after*

> *judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action.*

Okla. Stat. tit. 47, § 230.30(A) (emphasis added).

Accepting the well-pleaded factual allegations in the Amended Complaint as true, and viewing all reasonable inferences drawn from those allegations in Mize's favor, the Court finds that LMIC should not be dismissed from this action. The Oklahoma Supreme Court has long held that Okla. Stat. tit. 47, § 230.30, formerly Okla. Stat. tit. 47, § 169, creates a direct cause of action by a person injured by operation of a motor carrier against the motor carrier's insurer, provided of course that the motor carrier is required to be insured under the statute. *See Enders v. Longmire*, 67 P.2d 12, 14 (Okla. 1937); *see also Daigle v. Hamilton*, 782 P.2d 1379, 1381 (Okla. 1989) (citing *Enders*, 67 P.2d at 14); *Blanke v. Alexander*, 152 F.3d 1224, 1230 (10th Cir. 1998) (quoting *Daigle*, 782 P.2d at 1381). To state a claim against an insurer under § 230.30, a plaintiff need only allege that: (1) he suffered injury; (2) the injury occurred by operation of a motor carrier; and (3) the motor carrier was required to be and was in fact insured pursuant to § 230.30. Mize alleges that he suffered injury by operation of a motor carrier (UPS), and he impliedly alleges that UPS was required to be and was in fact insured by LMIC pursuant to § 230.30. The Court finds these allegations sufficient to state a claim against LMIC under § 230.30.

    B.    <u>Proper Party</u>

The Court next addresses Defendants' argument that LMIC is not a proper party to this action. Defendants acknowledge that § 230.30 creates a direct cause of action against insurers, but they argue that the statute "is not applicable to every vehicle operating as a motor carrier in the [S]tate of Oklahoma." Mot. to Dismiss at 4. More specifically, Defendants argue that § 230.30

gives rise to a direct action against an insurer *only* when the vehicle allegedly involved in the harm-causing incident weighs in excess of 26,000 pounds. As the basis for their argument, Defendants rely on Okla. Stat. tit. 47, § 230.24. That section provides, in pertinent part:

> The Corporation Commission is hereby vested with power and authority, and it shall be its duty:
> To supervise and regulate every motor carrier whether operating between fixed termini or over a regular route or otherwise and not operating exclusively within the limits of an incorporated city or town in this state and all private carriers operating vehicles having a gross registered weight of greater than 26,000 pounds and not operating exclusively within the limits of an incorporated city or town in this state.

Okla. Stat. tit. 47, § 230.24(A)(1). Defendants interpret this section to foreclose the Corporation Commission from regulating, and hence creating a direct cause of action against the insurers of, motor carriers operating vehicles that weigh 26,000 pounds or less. Because the "1996 Grumman truck" involved in the accident in this case weighs less than 26,000 pounds, Defendants argue that no direct cause of action against LMIC exists under § 230.30(A).

The Court finds Defendants' interpretation of the statute erroneous. The wording and structure of § 230.24(A)(1) make clear that the Oklahoma Legislature intended to and did separately describe the two types of "carriers" subject to Corporation Commission regulation: "*every* motor carrier" is subject to regulation, "whether operating between fixed termini or over a regular route or otherwise and not operating exclusively within the limits of an incorporated city or town in [the State of Oklahoma]"; whereas "private carriers" are subject to regulation *only* to the extent that they operate "vehicles having a gross registered weight of greater than 26,000 pounds and [do not operate] exclusively within the limits of an incorporated city or town in [the State of Oklahoma]." Okla. Stat. tit. 47, § 230.24(A)(1). Surely, the lack of punctuation that would separate the "motor

5

carriers" from the "private carriers" that are subject to Corporation Commission regulation does nothing to enhance the clarity of the provision, but neither does it render reasonable Defendants' distorted reading of the statute. "Plain meaning controls statutory interpretation." *United States v. Williams*, 376 F.3d 1048, 1052 (10th Cir. 2004). And the Court finds the plain meaning of § 230.24(A)(1) compels the conclusion that only "private carriers" are subject to the 26,000-pound limitation. Accepting as true Mize's allegation that UPS is a "motor carrier," and noting that Defendants have submitted no evidence to contradict that allegation, the Court finds that § 230.24(A)(1) is irrelevant for purposes of assessing LMIC's potential liability in this action.[2]

For all of the above-stated reasons, the Court finds that Defendants' motion to dismiss or for summary judgment should be denied.

C.   Bifurcated Trial

Finally, the Court considers Defendants' alternative request for a bifurcated trial, one in which only UPS would appear as a party defendant. Defendants make this request out of fear that UPS will be prejudiced at trial if the jury is apprised of the fact that the company has insurance.

In support of their prejudice argument, Defendants cite a single Oklahoma Supreme Court case, *Tidmore v. Fullman*, 646 P.2d 1278 (Okla. 1982). In that case, the Oklahoma Supreme Court

---

[2] Even assuming, *arguendo*, that UPS were a "private carrier," as that term is defined in Okla. Stat. tit. 47, § 230.23(9), and accepting as true Defendants' assertion that the "1996 Grumman truck" weighs less than 26,000 pounds, the Court would not find that LMIC is immune from liability based on the weight restriction of § 230.24(A)(1). To do that, the Court would have to construe § 230.30 as a regulatory enactment of the Corporation Commission. Section § 230.30, however, is clearly an act of the Oklahoma Legislature that, like § 230.24, establishes the powers and duties of the Corporation Commission. *See* Okla. Stat. tit. 47, § 230.21 (historical and statutory notes) (setting out the purposes of the Motor Carrier Act of 1995). The Oklahoma Legislature has not restricted the scope of § 230.30(A) to a limited class of "carriers," and Defendants' attempt to manufacture such a restriction should be recognized and rejected for what it is.

determined, among other things, that the trial court committed reversible error by permitting the plaintiff to reference the defendant's insurance coverage at trial. 646 P.2d at 1281-82. In so ruling, the court emphasized the potential for undue prejudice that arises whenever a jury is advised that a defendant is protected by liability insurance. *Id.* at 1281 (citing *Missouri, Kan. & Okla. Transit Lines, Inc. v. Baker*, 393 P.2d 868, 869 (Okla. 1964) and *Redman v. McDaniel*, 333 P.2d 500 (Okla. 1958)). Key to the court's ruling, however, was the fact that the plaintiff possessed no statutory entitlement to sue the defendant's insurer:

> [W]here the fact of liability insurance coverage is brought before the jury unnecessarily or forcefully where liability insurance coverage is *not* legislatively mandated and where the insurer has no direct liability to the claimant, such jury revelations are, as a matter of law, prejudicial, and if the insured is or might have been harmed thereby, reversible error.

646 P.2d at 1281 (emphasis added).

In the instant action, UPS is legislatively mandated under § 230.30(A) to maintain liability insurance coverage; and pursuant to the same section, LMIC is directly liable to Mize in the event that judgment is entered against UPS. Under these circumstances, and in accordance with *Tidmore*, the Court finds that Defendants' claim of undue prejudice is unwarranted.

This conclusion is supported by a Tenth Circuit opinion addressing the identical question of prejudice at issue here. In *Blanke*, the plaintiffs commenced a negligence action against a motor carrier and its insurer pursuant to Okla. Stat. tit. 47, § 169, the predecessor to § 230.30. 152 F.3d at 1226-28. Before trial, the defendants moved in limine to exclude any references to the insurer on the grounds of relevance and prejudice. The district court denied the motion, noting that § 169 creates a direct cause of action against an insurer, and finding that, as a consequence, "the general rule against references to liability insurance does not apply." *Id.* at 1228 (citing district court's

order). The case proceeded to trial and judgment was entered in the plaintiffs' favor. *Id.* The defendants appealed, "strenuously argu[ing] that prejudicial error occurred when the district judge permitted the references to the existence of liability insurance and [the insurer's] presence as a defendant." *Id.* at 1229. The Tenth Circuit affirmed, distinguishing *Tidmore*, the case primarily relied upon by the defendants, *id.* at 1230, and holding that "Section 169 has been recognized as creating a right to a joint action by an injured party against a motor carrier and its insurer, . . . and in such actions the general rule against references to liability insurance does not apply." *Id.* at 1231 (citation omitted). In reaching its decision, the court quoted *Okla. Transp. Co. v. Claiborn*, 434 P.2d 299 (Okla. 1967) for the following proposition:

> The Legislature, by authorizing the joinder as party defendants a motor carrier and its insurance carrier, in effect determined that when the liability insurance policy or bond is filed and the certificate of convenience or necessity is issued, no prejudice results from such joinder. Stated in another way, the Legislature by authorizing the joinder of the insurance carrier, has in effect determined that knowledge of insurance liability is not prejudicial to the right of the motor carrier or to its insurance carrier.

*Id.* (quoting *Claiborn*, 434 P.2d at 303).

Based on the Tenth Circuit's reasoning and result in *Blanke*, a case that is in many ways factually analogous to the case at bar, the Court finds that the Oklahoma Legislature has in essence created a presumption that a joint action against insurer and insured is a fair and proper procedure for litigating disputes falling within the scope of § 230.30(A). The Court finds nothing remarkable about the facts of this case that set it apart from any other case in which a joint action is the presumptively fair and proper litigation procedure, and the Court therefore declines to depart from that procedure here. Defendants' motion for bifurcated trial will be denied.

IV.     Conclusion

Accordingly, the Court finds that Defendants' Motion to Dismiss, Motion for Summary Judgment, or In the Alternative Bifurcate Liberty Mutual Insurance Company [docket no. 19] should be, and now hereby is, DENIED in its entirety.

**IT IS SO ORDERED this 29th day of June, 2005.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE